# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NOAH BROWN and<br>CAROLYN BROWN,<br><br>    Plaintiffs,<br><br>v.<br><br>STATE FARM FIRE AND<br>   CASUALTY COMPANY,<br><br>    Defendant. | Case No. CIV-22-971-R<br><br>*(Removed from Oklahoma County District Court, Case No. CJ-2022-5090)* |

## NOTICE OF REMOVAL

Defendant State Farm Fire and Casualty Company ("State Farm"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removes the above-captioned action pending in the District Court of Oklahoma County, State of Oklahoma, to the U.S. District Court for the Western District of Oklahoma. The grounds for removal are as follows:

1. Plaintiffs commenced this action entitled *Noah Brown and Carolyn Brown v. State Farm Fire and Casualty Company*, Case No. CJ-2022-5090 (the "Action"), by filing a Petition with the District Court of Oklahoma County, Oklahoma, on October 14, 2022. *See* **Ex. 1**, Pet. It does not appear that a summons for service on State Farm has been issued by the state court yet. *See* **Ex. 2**, Docket (as of November 10, 2022).

2. Plaintiffs have not yet served the Petition or a summons on State Farm, but such service is not required for State Farm to be able to remove the instant lawsuit from state court to federal court. *See Jenkins v. MTGLQ Invs.*, 218 F. App'x 719, 724 (10th Cir. 2007) (unpublished).

3. The Petition purports to state claims against State Farm for breach of contract and breach of the duty of good faith and fair dealing (i.e., a "bad faith" claim).

4. The Petition in the Action is attached as **Exhibit 1**. A copy of the Docket Sheet, Oklahoma County, Case No. CJ-2022-5090, is attached as **Exhibit 2** (as of November 10, 2022). State Farm is unaware of the existence of any process, pleadings, or orders other than the document included in Exhibit 1. Moreover, there are no motions pending before the Oklahoma County District Court in this matter; nor are any hearings currently set.

5. As set forth more fully below, this case is properly removed to this Court under 28 U.S.C. §§ 1332, 1441, and 1446 because State Farm has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

**I.   State Farm has satisfied the procedural requirements for removal.**

6. Neither the Petition nor a Summons has been served on State Farm. Because this Notice of Removal is being filed before service on State Farm, it is timely under 28 U.S.C. § 1446(b). *See Jenkins*, 218 F. App'x at 724 ("Because . . . [the defendant] was never properly served with a copy of the summons, which is the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights absent waiver of service, the thirty-day period for filing a notice of removal set forth in 28 U.S.C. § 1446(b) never started to run . . . ." (quotation marks and citation omitted)); *Armijo v. Flansas*, No. 17-CV-665-WJ-JHR, 2017 WL 6001768, at *3 (D.N.M. Dec. 4, 2017) ("Because Plaintiff did not serve Defendant prior to removal, the thirty day removal period

did not begin to run, so Defendant timely removed this case."); *Watanabe v. Lankford*, 684 F. Sup. 2d 1210, 1214-15 (D. Haw. 2010) ("[The defendant] did not have to wait until Plaintiffs served it with the Complaint and Summons before removing the case. A complaint need only be filed to be removable. Although the deadline for removal is measured from the defendant's formal receipt of the complaint, there is no statutory requirement that a defendant must formally receive the Complaint before removing the case." (citations and footnote omitted)).

7. Under 28 U.S.C. § 1446(a), the U.S. District Court for the Western District of Oklahoma is the appropriate court for filing this Notice of Removal from the District Court of Oklahoma County, State of Oklahoma, where the Action is pending. *See* 28 U.S.C. § 116(c).

8. Venue is proper pursuant to 28 U.S.C. §§ 1441(a) and 1391(b).

## II. Removal is proper because this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

9. The Court has original jurisdiction over this action under the diversity of citizenship provision contained in 28 U.S.C. § 1332(a) because this is a civil action (A) where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs (B) between citizens of different states. Thus, the Action may be removed to this Court by State Farm pursuant to 28 U.S.C. § 1441(a).

### A. The amount in controversy requirement is satisfied.

10. A defendant seeking removal need only show—by a preponderance of the evidence—"jurisdictional *facts* that make it *possible* that $75,000 [is] in play." *McPhail v.*

*Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014) (holding a defendant need only include "a short and plain statement of the grounds for removal" to successfully invoke the federal court's jurisdiction (quoting 28 U.S.C. § 1446(a))); *Boehmer v. State Farm Fire & Cas. Co.,* No. 09-CV-318-JHP, 2009 WL 3766113, at *3 (E.D. Okla. Nov. 10, 2009).

11. Once such facts are shown to be possible, defendants are "entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake. If the amount is uncertain then there is potential controversy, which is to say that at least $75,000 is in controversy in the case." *McPhail*, 529 F.3d at 954.

12. One method by which removing defendants may present the necessary proof is by "estimating potential damages from the allegations of the plaintiff's pleading." *Schrader ex rel. Doe v. Farmers Ins. Co.*, No. CIV-08-595-D, 2008 WL 2782710, at *1 (W.D. Okla. July 7, 2008); *see also McPhail*, 529 F.3d at 955 ("A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal.").

13. Plaintiffs seek compensatory damages, plus attorneys' fees, costs, and interest. See **Ex. 1**, Pet. Plaintiffs' Petition fails to comply with the Oklahoma Pleading Code, which requires that a party demanding relief for damages in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332 "set forth only that the amount sought as damages is in excess of the amount required for diversity jurisdiction," except in actions sounding solely in contract, and that pleadings demanding relief less than

the amount required for diversity jurisdiction "shall specify the amount of such damages sought to be recovered." Okla. Stat. tit. 12, § 2008(A)(2).

14. A "plaintiff cannot avoid removal merely by declining to allege the jurisdictional amount." *McPhail*, 529 F.3d at 955. "This would allow frustration of the purpose of diversity jurisdiction, which is, after all, to protect the out-of-state defendant." *Id.*

15. Plaintiffs are claiming compensatory damages in an "amount . . . greater than $10,000.00." Plaintiffs fail to identify a specific amount of damages for either their breach of contract claim or their bad faith claim individually. *See* **Ex. 1**, Pet.

16. Plaintiffs also seek "attorney fees." *Id.* at p.2 ("WHEREFORE" paragraph). Attorneys' fees may be included in the amount in controversy where they are authorized by state law. *See Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998). While Plaintiffs do not specify the law under which they seek attorneys' fees, their attorney—by signing the Petition—certified to the best of her knowledge, information, and belief, that legal contention was warranted by existing law or by non-frivolous argument for the modification of existing law or establishment of new law. *See* Okla. Stat. tit. 12, § 2011(B). In fact, it appears that Plaintiffs seek attorneys' fees as a substantive component of their claimed damages. *See* **Ex. 1**, Pet. A reasonable attorneys' fee award to Plaintiffs could very well cause the amount in controversy to exceed $75,000 depending on the length of this litigation.

17. Plaintiffs seek recovery for breach of contract. *See* **Ex. 1**, Pet. ¶ 5. Such a claim involves the policy at issue, which has a coverage limit of $204,000 for dwelling

coverage alone. *See* **Ex. 3**, Policy Renewal Declarations.[1] Because Plaintiffs have not alleged a specific amount claimed on their breach of contract claim in their Petition, they have put the entirety of the policy at issue for purposes of determining the amount in controversy.

18. Plaintiffs also claimed entitlement to $61,611.29 in payments from State Farm via submission of an estimate from a public adjuster during the claim-handling process. *See* **Ex. 4**, Letter from Noah Brown et al. to State Farm (Oct. 18, 2022).[2] Considering Plaintiffs' $2,040.00 deductible and the $17,205.37 already paid by State Farm to Plaintiffs or determined to be owed in holdback depreciation if Plaintiffs' repairs are completed, it is clear that Plaintiffs are claiming *at least* $42,365.92 in additional payments. *See* **Ex. 5**, State Farm Estimate (Oct. 19, 2022) (showing payment of $11,508.96 and additional available funds once repairs are complete of $5,696.41). Even accepting *only* the $42,365.92 in additional payments claimed by Plaintiffs as the possible damages available to Plaintiffs if they prevail in this action, attorneys' fees of only $32,634.09 would result in the minimum amount in controversy being satisfied.

19. Any of the above, taken in combination or as a whole—*i.e.*, (1) Plaintiffs' compensatory damages claimed; (2) Plaintiffs' attorneys' fees request; (3) the policy limits at issue, and (4) Plaintiff's pre-suit demand—shows that Plaintiffs have put an amount in

---

[1] The Court may consider evidence and documents outside the pleadings in determining whether it has subject-matter jurisdiction over a controversy. *Cf. Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003).

[2] Highlighting and redactions have been added and attachments to the letter are omitted.

excess of the sum or value of $75,000, exclusive of interest and costs, at issue in this litigation. *See Boehmer,* No. 09-CV-318-JHP, 2009 WL 3766113, at *3 (combining multiple assertions regarding damages to determine that the amount in controversy requirement was met in relation to a Notice of Removal).

20.     Once the underlying jurisdictional facts are established, a defendant is entitled to stay in federal court unless it is "legally certain" that less than $75,000 is at stake. *McPhail*, 529 F.3d at 954.

### B.     Complete diversity of citizenship exists between Plaintiffs and State Farm.

21.     Plaintiffs do not assert their citizenship in the Petition, but they allege that State Farm "insured their home" and that "[t]he acts and occurrences that are the subject of this lawsuit occurred within the state of Oklahoma." **Ex. 1**, Pet. ¶¶ 1, 4. It appears that Plaintiffs are alleging their "home" to be within the State of Oklahoma, which is likely where they reside. *Id.* Residence, while not equivalent to citizenship, is prima facie evidence of domicile. *See State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Domicile is equivalent to citizenship for purposes of diversity jurisdiction. *See Smith v. Cummings*, 445 F.3d 1254, 1259-60 (10th Cir. 2006). Additionally, the homeowners' policy issued by State Farm to Plaintiffs is for a property in Oklahoma and at least Mr. Brown is a registered voter in Oklahoma County. *See* **Ex. 3**, Policy Renewal Declarations (showing, on the first page, that it is a "homeowners policy" with an address in Oklahoma). Based on the foregoing and upon information and belief, Plaintiffs are citizens of Oklahoma for diversity-jurisdiction purposes. *See* 28 U.S.C. § 1332(c)(1).

22. State Farm is incorporated in Illinois with its principal place of business in Illinois. For diversity-jurisdiction purposes, State Farm is therefore a citizen of Illinois. *See* 28 U.S.C. § 1332(c)(1).

23. Therefore, for purposes of determining subject-matter jurisdiction, Plaintiffs are citizens of Oklahoma and Defendant is a citizen of Illinois, and complete diversity exists.

24. State Farm reserves the right to amend or supplement this Notice of Removal.

25. State Farm further reserves all defenses, including, without limitation, those set forth in Federal Rule of Civil Procedure 12(b), as well as its time to answer, move against, or otherwise respond to Plaintiffs' Petition pursuant to Rule 81(c)(2).

26. Written notice of the filing of this Notice of Removal will be given to Plaintiffs and the state court promptly after the filing of the Notice of Removal pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, State Farm removes this Action to this Court under 28 U.S.C. §§ 1332, 1441, and 1446, and invokes this Court's jurisdiction.

Respectfully submitted,

*s/ Andrew J. Morris*
Andrew J. Morris, OBA #31658
Thomas W. Griffin, III, OBA #34909
MCAFEE & TAFT A PROFESSIONAL CORP.
Two Leadership Square, Eighth Floor
211 North Robinson Ave.
Oklahoma City, OK 73102
Telephone:	(405) 235-9621
Facsimile:	(405) 235-0439
andrew.morris@mcafeetaft.com
thomas.griffin@mcafeetaft.com

Jessica L. Dickerson, OBA #21500
MCAFEE & TAFT A PROFESSIONAL CORP.
Williams Center Tower II
Two West Second Street, Suite 1100
Tulsa, Oklahoma 74103
Telephone:	(918) 587-0000
Facsimile:	(918) 599-9317
jessica.dickerson@mcafeetaft.com

***Attorneys for Defendant State Farm Fire and Casualty Company***