## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NOAH BROWN and<br>CAROLYN BROWN,<br><br>   Plaintiffs,<br><br>v.<br><br>STATE FARM FIRE AND<br>  CASUALTY COMPANY,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. 5:22-cv-971-R<br>)<br>)<br>)<br>)<br>) |

### **DEFENDANT'S PARTIAL MOTION TO DISMISS AND BRIEF IN SUPPORT**

Defendant State Farm Fire and Casualty Company ("State Farm") respectfully requests that the Court dismiss the claim alleging breach of the duty of good faith and fair dealing (i.e., a "bad faith" claim) in Plaintiffs' Petition [ECF No. 1-1] pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] Plaintiffs' only stated basis for their bad faith claim is that State Farm allegedly underpaid them pursuant to their insurance contract, which—as a matter of law—is an insufficient allegation to support a bad faith claim. And, even if such an allegation could present a bad faith claim, Plaintiffs include nothing but vague and conclusory allegations which are legally insufficient. Accordingly, dismissal for failure to state a claim is appropriate.

---

[1] State Farm is contemporaneously filing an answer as to the general allegations in Plaintiffs' Petition [ECF No. 1-1] and as to Plaintiffs' breach of contract claim.

## **BRIEF IN SUPPORT**

## **INTRODUCTION**

Plaintiffs Noah Brown and Carolyn Brown assert a breach of contract claim and a bad faith claim against their insurer, State Farm. However, Plaintiffs have not pleaded the requisite factual support for a bad faith claim. According to Plaintiffs' Petition [ECF No. 1-1], Plaintiffs were insured by State Farm when their home was damaged by wind and/or hail in October 2021. *See* Pet. ¶¶ 1, 3, ECF No. 1-1. And that is the total of Plaintiffs' factual assertions outside of limited jurisdictional allegations.

Outside of these bare-bones allegations, Plaintiffs' Petition fails to do anything except to include a conclusory allegation that State Farm breached the insurance contract and to aver that State Farm's alleged underpayment constituted bad faith. *See id.* ¶¶ 5-6. Such allegations fail to state a claim for bad faith as a matter of substantive law because a viable bad faith claim requires more than an alleged breach of contract.

Additionally, a cause of action fails to state a claim when it is factually insufficient and does not satisfy the requirements set forth under *Ashcroft v. Iqbal* and *Bell Atlantic Corp. v. Twombly*. Here, Plaintiffs fail to include "sufficient factual matter, accepted as true, to 'state a claim to relief [for bad faith] that is plausible on its face.'" *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. 544, 570 (2007)).

## **STANDARD OF DECISION**

A court should dismiss a plaintiff's pleading when it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

2

on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . .").[2] In other words, "[a] plaintiff must 'nudge [its] claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Twombly*, 550 U.S. at 570); *see also Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (similar). The *Twombly/Iqbal* "pleading requirement serves two purposes: to ensure that a defendant is placed on notice of [its] alleged misconduct sufficient to prepare an appropriate defense, and to avoid ginning up the costly machinery associated with our civil discovery regime on the basis of a largely groundless claim." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2010) (citation and quotation marks omitted); *see also Jensen v. Am.'s Wholesale Lender*, 425 F. App'x 761, 764 (10th Cir. 2011) (unpublished) ("[O]ur pleading standard 'does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.'" (quoting *Iqbal*, 555 U.S. at 678-79)).

To satisfy the plausibility standard, Plaintiffs must establish "'more than a sheer possibility that a defendant has acted unlawfully.'" *Erikson v. BP Exploration & Prod. Co.*, No. CIV-13-464-R, 2013 WL 12069069, at *2 (W.D. Okla. Nov. 18, 2013) (quoting *Iqbal*, 556 U.S. at 678). In so doing, Plaintiffs may not rely on legal conclusions, which the

---

[2] Rule 8, and the *Twombly/Iqbal* interpretation of it, govern post-removal—notwithstanding that the Petition [ECF No. 1-1] was filed originally in state court. *See* Fed. R. Civ. P. 81(c)(1); *see also Rivera v. Hartford Ins. Co. of the Midwest*, No. CIV-14-1082-HE, 2014 WL 7335320, at *1 n.2 (W.D. Okla. Dec. 19, 2014) [hereinafter *Rivera I*].

Supreme Court instructed shall not be "accept[ed] as true." *Iqbal*, 556 U.S. at 678. Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (second alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557). The "court need not accept as true those allegations that are conclusory in nature." *Scheffler v. Am. Republic Ins. Co.*, No. 11-CV-760-CVE-TLW, 2012 WL 602187, at *1 (N.D. Okla. Feb. 23, 2012) (citing *Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs*, 263 F.3d 1151, 1154-55 (10th Cir. 2001)).

## ARGUMENTS & AUTHORITIES

**I.    Plaintiffs' allegations do not cross the line from an alleged breach of contract into a bad faith claim.**

Plaintiffs' only "bad faith" allegations are that State Farm "fail[ed] and refus[ed] payment and other policy benefits for the covered damage to Plaintiff[s'] home at a time when [State Farm] knew that Plaintiff[s] were entitled to those benefits." Pet. ¶¶ 6(a), ECF No. 1-1. However, these allegations are the same as those made in Plaintiffs' breach of contract claim—i.e., that "State Farm breached the insurance policy by wrongfully denying coverage and failing and refusing to pay the proper amounts due under the policy for the covered damage to the Plaintiff[s'] home." *Id.* ¶ 5. Plaintiffs apparently fail to understand that a bad faith claim requires more and different allegations than those which are sufficient for a contract claim. Said differently, merely alleging that State Farm paid insurance benefits in an amount less than the amount to which Plaintiffs believe they are entitled does not state a bad faith claim. As explained by Judge Claire Eagan of the U.S. District Court

4

for the Northern District of Oklahoma, "a "bad faith claim [which] is based solely on the fact that [the plaintiff] was not paid the insurance proceeds under the policy" is, "[w]ithout more, . . . not plausible under the *Twombly/Iqbal* standard." *Scheffler*, 2012 WL 602187, at *3.

Under Oklahoma law, "'disagreements between insurer and insured on a variety of matters such as . . . amount of loss[] . . . do not support a bad faith claim." *Emmanuel Baptist Church v. State Farm Fire & Cas. Co.*, No. CIV-11-594-D, 2012 WL 3595093, at *10 (W.D. Okla. Aug. 21, 2012) (quoting *McCorkle v. Great Atl. Ins. Co.*, 637 P.2d 583, 587 (Okla. 1981)); *see also Hartsfield v. Farmers Ins. Co.*, No. CIV-10-585-C, 2011 WL 2680840, at *4 (W.D. Okla. July 8, 2011) ("[D]isagreement as to the extent or cause of damage between Defendant's inspectors and Plaintiff's roofer and expert is not enough to sustain a bad faith claim."); *cf. Dunbar v. State Farm Mut. Auto. Ins. Co.*, No. 10-CV-330-GKF-TLW, 2011 WL 5878383, at *11 n.6 (N.D. Okla. Nov. 23, 2011) ("A legitimate disagreement as to the claim amount, without any evidence of purposeful 'low balling' does not amount to 'bad faith.'").

Judge Heaton dealt with this issue in *Rivera v. Hartford Ins. Co. of the Midwest*, No. CIV-14-1082-HE, 2015 WL 1014633 (W.D. Okla. Mar. 9, 2015) [hereinafter *Rivera II*]. There, the plaintiff asserted that the insurer had "fail[ed] to pay the full and fair amount for the property damage sustained" and argued that the alleged underpayment was enough for a bad faith claim when it was of a sufficient "magnitude." *Id.* at *1. Judge Heaton rejected the "argument that a disparity in payment alone [was] enough to allege bad faith." *Id.* at *2.

Other federal courts in Oklahoma have been consistent in recognizing the same principle: that "[an alleged] breach of contract claim—standing alone—is not tantamount to bad faith, as both are distinct claims that require different elements of proof." *Woska v. Health Care Serv. Corp.*, No. CIV-17-89-D, 2018 WL 992047, at *3 n.3 (W.D. Okla. Feb. 20, 2018); *see also Choctaw Express Mart, Inc. v. Emps. Mut. Cas. Co.*, No. CIV-14-1227-HE, 2015 WL 1014774, at *2 (W.D. Okla. Mar. 9, 2015); *A & B Stores, Inc. v. Emps. Mut. Cas. Co.*, No. CIV-14-1228-HE, 2015 WL 1014808, at *2 (W.D. Okla. Mar. 9, 2015). This Court should continue to recognize and apply the requirement that a plaintiff plead more than an alleged underpayment of insurance benefits to adequately state a bad faith claim.

What's missing from the Amended Complaint are *any* allegations that State Farm acted unreasonably and in bad faith via an alleged delay of payment of benefits owed or otherwise in its handling of Plaintiffs' insurance claim beyond allegations which actually state a breach of contract claim—instead of a bad faith one. *See* Pet. ¶ 6(a), ECF No. 1-1. Accordingly, the only proper result based on Plaintiffs' existing Petition [ECF No. 1-1] is dismissal of the bad faith claim as failing to do anything more than twice-allege a breach of contract by State Farm.

**II.    Plaintiffs fail to provide sufficient factual support for their bad faith claim.**

Even if Plaintiffs' allegations somehow are determined to state—even in bare-bones fashion—a version of a bad faith claim, Plaintiffs have not included sufficient factual averments in support of their claim.

> Under Oklahoma law to plead a claim for breach of the duty of good faith and fair dealing, plaintiff must show 1) the insurer was required to pay the

6

insured's claim under the insurance policy; 2) the failure to pay the claim in full was unreasonable under the circumstances because the insurer a) had no reasonable basis for refusal, b) did not perform a proper investigation of the claim, or c) did not evaluate the results of the investigation properly; 3) the insurer did not deal fairly and in good faith with the insured; and 4) the insurer's violation of its duty of good faith and fair dealing was the direct cause of the injury sustained by the insured.

*Wheeler's Meat Mkt., Inc. v. Travelers Cas. Ins. Co.*, No. Civ-17-523-M, 2018 WL 11184650, at *2 (W.D. Okla. Feb. 21, 2018). But making only a conclusory allegation that State Farm breached the duty of good faith and fair dealing fails to sufficiently allege a cause of action. *See Hightower v. USAA Cas. Ins. Co.*, No. 16-CV-JED-FHM, 2017 WL 1347689, at *3 (N.D. Okla. Apr. 7, 2017) (finding a claim to be insufficient under *Twombly* and *Iqbal* when the insureds' "allegations [were at least] largely a recitation of the elements required for a bad faith insurance claim," without any additional factual allegations except for that the insurer "fail[ed] to pay the full amount to which [the insureds] were entitled").

*Twombly* and *Iqbal* make clear that conclusory allegations "do not suffice." *Iqbal*, 556 U.S. at 678. In this case, Plaintiffs fail to include even a recital of the elements of a bad faith claim. *See* Pet. ¶ 6, ECF No. 1-1. Plaintiffs' allegations are nothing more than a single conclusory statement that State Farm breached the implied covenant of good faith and fair dealing by "failing and refusing payment and other policy benefits for the covered damage to Plaintiff[s'] home at a time when Defendant knew that Plaintiff[s] were entitled to those benefits." *Id.* ¶ 6(a). Nothing in Plaintiffs' entire Petition includes any alleged facts supporting Plaintiffs' claim for relief or even can be said to be a formulaic recitation of the elements of the cause of action—which likewise would be insufficient.

Several Oklahoma courts have found that similarly light-on-facts allegations fall short of the *Twombly*/*Iqbal* standard. For example, in *Rivera I*, Judge Heaton rejected a bad faith claim where the plaintiffs "offered little 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action.'" 2014 WL 7335320, at *4 (quoting *Twombly*, 550 U.S. at 555)). There, the plaintiffs alleged that their house had been damaged by a tornado and that the insurer failed to pay the entire amount owed for repairs. *See id.* at *1, 3. Conclusory allegations like that the insurer "wrongfully, intentionally and repeatedly failed to communicate all coverages and benefits available," without more, were insufficient under *Twombly* and *Iqbal*. *Id.* at *4.

Judge Heaton reached a similar conclusion in another property case where dismissal of the bad faith claim was warranted—*Choctaw Express Mart, Inc. v. Employers Mutual Casualty Co.*, There, the plaintiff unsuccessfully pleaded "bad faith" by alleging the insurer did not pay its insurance claim in full and adding conclusory allegations that the insurer had "intentionally engag[ed] in an outcome oriented investigation" and "intentionally engag[ed] in a systematic scheme designed to save money otherwise due and owing to the Plaintiff and other similarly situated insureds as a cost-saving mechanism without [any] factual support." No. CIV-14-1227-HE, 2015 WL 1014774, at *2 (W.D. Okla. Mar. 9, 2015) (cleaned up).

Here, Plaintiffs have fallen far short of even the (insufficient) standards laid down by the plaintiffs in *Rivera I*, *Rivera II*, and *Choctaw Express Mart*. Plaintiffs' allegations are the perfect example of the type of pleading that *Twombly* and *Iqbal* declared insufficient. Plaintiffs' entire Petition only alleges (i) the existence of a contract between

Plaintiffs and State Farm and (ii) that there has been a breach of contract and a violation of the duty of good faith and fair dealing—both with nothing more than conclusory statements. This Court should find in accord with the decisions reached by Judge Heaton and reject that Plaintiffs' current allegations as enough to state a bad faith cause of action. *See also Gilbert Med. Bldg. LLC v. Travelers Cas. Ins. Co. of Am.*, No. CIV-20-896-R, 2020 WL 7221433, at *3 (W.D. Okla. Dec. 7, 2020) (rejecting as insufficient and conclusory allegations that the insurer had "fail[ed] to pay the full amount for the property damage sustained as a result of the wind/hailstorm . . . , fail[ed] to pay all additional coverages due and owing . . . , wrongfully fail[ed] to communicate to Plaintiff all coverages and benefits . . . , [and] fail[ed] to conduct a fair and objective investigation of the damage to Plaintiff's property").

Outside of this district, Judge Eagan likewise has rejected a purported bad faith claim like Plaintiffs' that lacked sufficient factual matter. In *Scheffler*, the court dismissed a bad faith claim which was based on "general assertions of bad faith, without any details of events leading up to the filing of the complaint." 2012 WL 602187, at *3. The *Scheffler* plaintiff's claim was premised on the insurer's alleged failure to pay life insurance proceeds and to provide a reasonable explanation for its refusal to make payment. *Id.* at *1. The plaintiff also alleged in a conclusory manner that the insurance company failed to promptly investigate the plaintiff's claim, delayed payment to the plaintiff (by not paying at all), intentionally misread or misconstrued the insurance policy, and imposed burdensome documentation demands not required by the facts of the claim or the policy. *Id.* at *3. In rejecting the plaintiff's argument "that she [could ]not more specifically allege defendant's

9

bad faith conduct because 'only the Defendant knows how it handled Plaintiff's claim,'" the *Scheffler* court reasoned that the "plaintiff should at least have knowledge of certain details that she could properly plead to satisfy the plausibility requirement." *Id.*

The same is true here. Plaintiffs have not alleged even those things that they should know. Stated differently, what's missing from Plaintiffs' Petition [ECF No. 1-1] are well-pleaded allegations supported by sufficient factual averments that State Farm acted unreasonably and in bad faith in reaching its determination regarding the amount of the covered loss—i.e., something more than just the assumption that "State Farm acted unreasonably and in bad faith." *See* Pet. ¶ 6(a), ECF No. 1-1. Allegations concerning State Farm's alleged wrongdoing are either completely missing or wholly conclusory.

## **CONCLUSION**

Plaintiffs do not include sufficient non-conclusory factual allegations to support tort liability for bad faith in their pleading. And a re-stated contract claim, without more, cannot likewise state a tort claim for breach of the duty of good faith and fair dealing.

Accordingly, the Court should dismiss Plaintiffs' bad faith claim because it fails to state a claim upon which relief can be granted and instead allow this lawsuit to proceed between Plaintiffs and State Farm on Plaintiffs' breach of contract claim only.

Respectfully submitted,

*s/ Andrew J. Morris*
Andrew J. Morris, OBA #31658
Thomas W. Griffin, III, OBA #34909
MCAFEE & TAFT A PROFESSIONAL CORP.
Two Leadership Square, Eighth Floor
211 North Robinson Ave.
Oklahoma City, OK 73102
Telephone:       (405) 235-9621
Facsimile:        (405) 235-0439
andrew.morris@mcafeetaft.com
thomas.griffin@mcafeetaft.com

Jessica L. Dickerson, OBA #21500
McAfee & Taft A Professional Corp.
Williams Center Tower II
Two West Second Street, Suite 1100
Tulsa, Oklahoma 74103
Telephone:       (918) 587-0000
Facsimile:        (918) 599-9317
jessica.dickerson@mcafeetaft.com

***Attorneys for Defendant State Farm Fire and Casualty Company***