IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NOAH BROWN and <br> CAROLYN BROWN, <br> <br> Plaintiffs, <br> <br> v. <br> <br> STATE FARM FIRE AND <br>  CASUALTY COMPANY, <br> <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 5:22-cv-971-R <br> ) <br> ) <br> ) <br> ) <br> ) |

## **DEFENDANT'S PARTIAL ANSWER**

For its Partial Answer to Plaintiffs' Petition [ECF No.1-1], Defendant State Farm Fire and Casualty Company ("State Farm") denies each and every allegation contained therein unless specifically admitted below. State Farm files this Partial Answer subject to the motion to dismiss Plaintiffs' claim for breach of the duty of good faith and fair dealing, which it is filing contemporaneously. State Farm more specifically states as follows:[1]

1.  State Farm admits that it issued insurance Policy No. 36-CB-B929-9 to Plaintiffs for the period of February 15, 2021, to February 15, 2022, subject to all terms, conditions, definitions, exclusions, coverages, amendments, deductibles, and limitations thereof (together, the "Policy"). The Policy speaks for itself. Except as admitted, denied.

---

[1] The numbered paragraphs in this Answer correspond and respond to the numbered paragraphs in the Petition [ECF No. 1-1].

2. State Farm admits that it is a foreign insurance company incorporated in Illinois with its principal place of business located in Illinois, and that it is authorized to do business, and does business, in the State of Oklahoma. Except as admitted, denied.

3. State Farm admits that Plaintiffs made an insurance claim for a storm-caused loss which is alleged to have occurred on October 14, 2021. Except as admitted, denied.

4. Plaintiffs' allegations in ¶ 4 are legal conclusions to which no responses are required. To the extent is required, State Farm states that it is not, on the information currently available to it, challenging the jurisdiction of the Court in this action or challenging venue as improper.

5. Denied.

6. State Farm is contemporaneously filing a motion to dismiss Plaintiffs' claim for beach of the duty of good faith and fair dealing and, accordingly, need not respond to Plaintiffs' allegations in ¶ 6 pursuant to Federal Rule of Civil Procedure 12(a)(4). To the extent a response is required, denied.

In response to Plaintiffs' unnumbered paragraph immediately following ¶ 6 and beginning with "**WHEREFORE**," State Farm denies that Plaintiffs are entitled to the relief sought and requests that the Court:

    a. Dismiss Plaintiffs' Petition with prejudice;

    b. Enter judgment against Plaintiffs; and

    c. Grant State Farm its costs, attorneys' fees, and other relief as may be just and equitable, or as required by law.

Further, State Farm demands a jury trial.

## AFFIRMATIVE AND/OR OTHER ADDITIONAL DEFENSES

Without assuming any burden or obligation other than that imposed by operation of law, State Farm asserts the following affirmative and/or other additional defenses to the claims set forth in Plaintiffs' Petition [ECF No. 1-1] and reserves the right to seek leave to amend or supplement these defenses and/or to assert a counterclaim against Plaintiffs as discovery and further investigation warrant.

1. Plaintiffs have not stated claims that are cognizable under Oklahoma law and has failed to state claims upon which relief can be granted.

2. Plaintiffs' claims are barred because they cannot establish the elements of each of their purported claims, or the alleged conduct does not satisfy the elements.

3. Plaintiffs' claims are barred because State Farm acted in accordance with the terms, conditions, exclusions, and limitations of the coverage, if any, provided to Plaintiffs.

4. Plaintiffs' claims are barred because they did not present State Farm with a loss insured by the coverage, if any, provided to Plaintiffs.

5. At all times, State Farm acted in good faith and in accordance with the applicable laws in effect at the time and based on the then-existing information made available to it by Plaintiffs.

6. Plaintiffs cannot show that State Farm's conduct was unreasonable in any material respect and/or that there was not a legitimate dispute over the coverage of loss, amount of damages, value of claims, and/or scope or causation of claimed damages under the coverage, if any, provided to Plaintiffs.

7. Plaintiffs' claims are barred by applicable provisions in the coverage, if any, provided to Plaintiffs, including but not limited to all definitions, terms, conditions, limitations, exclusions, amendments, and deductibles, and other limitations therein that apply by virtue of facts which may become known during the course of discovery or further investigation.

8. Plaintiffs' claims fail because Plaintiffs did not present adequate documentation in support of their request for payment.

9. Plaintiffs' claims may be barred by the applicable statute of limitations, wavier, release, and/or laches.

10. Plaintiffs' claims may be barred, in whole or in part, by payment, accord and satisfaction, offset/setoff, and/or recoupment.

11. Plaintiffs' claims may be barred, in whole or in part, by their failure to cooperate with State Farm in the investigation and/or settlement of their claim during claims handling.

12. Plaintiffs' claims may be barred, in whole or in part, by Plaintiffs' failure to satisfy the pre-conditions and/or conditions precedent and/or other similar required elements of the coverage, if any, provided to Plaintiffs.

13. Plaintiffs' claims are barred, in whole or in party, by the doctrine of unclean hands.

14. Plaintiffs have not suffered any damages.

15. Plaintiffs have failed to mitigate their damages, if any.

16. Plaintiffs' claimed damages are not of the nature or to the extent alleged.

17. Plaintiffs' claims may be barred, in whole or in part, because Plaintiffs' damages were caused by Plaintiffs and/or other parties or third parties over whom State Farm has no control and for which State Farm is not responsible.

18. Plaintiffs are not entitled to attorneys' fees or other costs.

19. Plaintiffs' claim for punitive damages fails for the following reasons:

(a) Plaintiffs fail to state a cause of action for punitive damages;

(b) State Farm did not engage in any act or omission that was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred;

(c) Plaintiffs are not entitled to punitive damages under 23 O.S. § 9.1 and case law interpreting the same;

(d) Punitive damages are not recoverable from State Farm as a matter of law;

(e) Due to the lack of clear standards, the imposition of punitive damages against State Farm would be unconstitutional under the doctrines of vagueness and overbreadth;

(f) Plaintiffs' demand for punitive damages is subject to any and all standards or limitations regarding the determination and enforceability of punitive damage awards which arose in the decisions of *Philip Morris USA v. Williams*, 549 U.S. 346 (2007); *BMW of North America v. Gore*, 517 U.S. 559 (1996), and *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2002), and any other or subsequent case law interpreting the same; and

(g)     Plaintiffs' claim for punitive damages may violate the provisions of the United States Constitution and Oklahoma Constitution, including the protections and prohibitions of the double jeopardy and due process clauses to the extent it allows the jury to consider harm to third parties in violation of the Fourteenth Amendment and *Philip Morris USA v. Williams*; to the extent Plaintiffs seek to recover punitive damages, in an amount which is unconstitutionally excessive, such damages would violate Article II, §§ 7 and 9, of the Oklahoma Constitution and the Due Process Clause of the Fourteenth Amendment and applicable United States Supreme Court precedent.

20.     State Farm asserts all rights to indemnification and contribution available to it and the ability to attribute any fault, damage, or loss to any other party or non-party.

21.     State Farm asserts all forms of tort reform available under Oklahoma law, including but not limited to all damages caps available in Titles 12 and 23 and any other applicable caps or limitations to damages available by contract, by Oklahoma law, or by due process limitations.

Respectfully submitted,

*s/ Andrew J. Morris*
Andrew J. Morris, OBA #31658
Thomas W. Griffin, III, OBA #34909
MCAFEE & TAFT A PROFESSIONAL CORP.
Two Leadership Square, Eighth Floor
211 North Robinson Ave.
Oklahoma City, OK 73102
Telephone:     (405) 235-9621
Facsimile:      (405) 235-0439
andrew.morris@mcafeetaft.com
thomas.griffin@mcafeetaft.com

Jessica L. Dickerson, OBA #21500
McAfee & Taft A Professional Corp.
Williams Center Tower II
Two West Second Street, Suite 1100
Tulsa, Oklahoma 74103
Telephone:     (918) 587-0000
Facsimile:     (918) 599-9317
jessica.dickerson@mcafeetaft.com

***Attorneys for Defendant State Farm Fire and Casualty Company***